**Samuel G. MCDANIEL,
Plaintiff–Appellant,**

v.

**ARCO AM/PM MINI MARKETS, esa
Atlantic Richfield Company; et
al., Defendants–Appellees.**

No. 02–55839.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 9, 2003.*

Decided June 19, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Samuel G. McDaniel appeals pro se the district court's summary judgment in his Title VII action alleging employment discrimination, harassment, and retaliation.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir.1998), and affirm.

The district court properly granted summary judgment on McDaniel's sex and race discrimination claims because defendant presented evidence that it terminated McDaniel, a store clerk, for violating cash handling rules on three occasions, and McDaniel failed to present evidence showing pretext. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093–94 (9th Cir.2001) (stating standard for disparate treatment).

The district court also properly granted summary judgment on McDaniel's claim that a co-worker subjected him to a hostile work environment because defendant fired the co-worker shortly after McDaniel complained. *See Brooks v. City of San Mateo,* 229 F.3d 917, 926 (9th Cir.2000) (holding that single incident of harassment by co-worker does not create hostile work environment where employer took prompt steps to remove the harasser from the workplace).

The district court properly granted summary judgment on McDaniel's retaliation claim because McDaniel failed to raise a triable issue as to whether there was a causal link between his complaints about discrimination and his termination. *See Hashimoto v. Dalton,* 118 F.3d 671, 680–81 (9th Cir.1997) (holding that although timing established minimal prima facie case of retaliation, summary judgment was appropriate where plaintiff had no evidence to

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, McDaniel's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rebut employer's preferred reasons for adverse action).

The district court properly dismissed McDaniel's age and religious discrimination claims because he failed to exhaust administrative remedies. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994).

**AFFIRMED.**